UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:21-cr-00628 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| MICHAEL M. OWENS, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | (Resolving Docs. 36, 37, 38, 39) |
| ) | |

This matter is before the Court on the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 38) (the "Motion") filed by Defendant Michael Owens ("Owens"). The United States of America filed a response in opposition. Doc. 39.

For the reasons stated below, the Motion is DENIED.

**I.  BACKGROUND**

A federal grand jury charged Owens with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One) and two counts of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Three). Doc. 10. Pursuant to a plea agreement, Owens pled guilty as to all counts. Doc. 28.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 26. The PSI indicated Owens had a total offense level of 21 (after reductions for acceptance of responsibility) and a criminal history category of IV, therefore his advisory guideline range was 57–71 months, but the minimum term of imprisonment for Count One was five years, therefore the applicable range was adjusted

1

to 60–71 months. Doc. 26 at p. 15, ¶¶ 64–65. The Court ultimately sentenced Owens to a term of 71 months' imprisonment. Doc. 31.

After Owens' sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Owens' criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 46–57 months. Owens now seeks retroactive application of Amendment 821 to reduce his sentence to the statutory minimum of 60 months.

II.     LAW AND ANALYSIS

    A. Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Owens asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his starting advisory range is lowered to 46–57 months as opposed to the 57–71 months used at the time of sentencing. Doc. 38 at p. 2. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Owens' total criminal history points were eight (8). Doc. 26 at p. 13, ¶ 46. Six (6) of those points were the result of previous criminal convictions pursuant to U.S.S.G. § 4A1.1(a). Doc. 26 at pp. 11–12, ¶¶ 42–43. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Owens was on supervised release after serving 120 months for earlier federal charges before

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

this Court. Doc. 26 at p. 12, ¶ 45. Owens now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on supervised release, therefore his total criminal history points would be six (6) under the new calculation. Doc. 38 at p. 2. The Court finds that Amendment 821 affects Owens' criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court is in agreement with the United States Attorney (*see* Doc. 39) and has determined that a reduction is not warranted in light of the circumstances of Owens' case. *See Jones*, 980 F.3d at 1107. This is due to Owens' criminal history and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). Owens has a lengthy criminal history. He was first arrested at 15 years old for assault. Doc. 26 at p. 7, ¶ 32. Owens was arrested three more times as a juvenile and carried his criminal activity into his adult years, when he faced charges almost ten more times for various offenses, including resisting arrest, possession of drugs and drug trafficking, and attempted receiving stolen property. Doc. 26 at pp. 7–12, ¶¶ 32–43. Then, while under the supervision of this Court for a similar charge of conspiracy to possess with intent to distribute cocaine base, he committed the underlying offenses. Doc. 26 at pp. 11–12, ¶ 43. His behavioral patterns indicate he has yet to be deterred from returning to criminal activity. At the time of sentencing, the Court considered these factors and determined that a 71-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 31; *See also* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed, the Court finds a reduction to Owens' 71-month sentence is not warranted. The Court's imposition of the

sentence as to both counts was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Verified Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 36), the *Verified Amended Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 37), and the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 38) are DENIED.

Date: June 18, 2024  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE